UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

WILLIAM C. SHAW,   No. 14-11318

                Debtor(s).
_____/

Memorandum re Violation of Discharge Injunction
_____

      On May 7, 2013, while Chapter 7 debtor William Shaw and creditor Lisa Rogerson were in a relationship and living together, they entered into a written agreement. The agreement, entitled "Investment Agreement/Promissory Note," provided that Rogerson would give up to $150,000.00 to Shaw "and through any liability entity as may hereinafter be formed" for the purpose of financing an automotive wheel refinishing business.

      Shaw had already been in the wheel refinishing business as a sole proprietor since 2003. A few weeks after Shaw and Rogerson signed the agreement, Shaw formed Shaw's Wheel Restoration, LLC, to continue his business in that form with him as the sole member.

      Shaw and Rogerson ceased living together in May of 2014. On June 7, 2014, Rogerson sued Shaw in state court seeking to recover $316,000.00 from Shaw on the agreement, consisting of $150,000.00 for money lent, $150,000.00 for "investment return," and $16,000.00 in interest.

      Unable to resolve his differences with Rogerson, Shaw filed his Chapter 7 bankruptcy petition on September 11, 2014. Rogerson was duly listed as a creditor. Her state court counsel was listed as

well.

Rogerson did not object to the discharge of her claims, but on November 14, 2014, she objected to certain claims of exemption made by Shaw in his bankruptcy on the grounds that the exempt property was owned by his LLC. The court ruled that the exemptions were lawful but that they did not extend to property not owned by Shaw. The court reserved jurisdiction to adjudicate ownership of disputed property, but Rogerson elected to proceed in state court. After Shaw's discharge on December 16, 2014, the state court determined that some items of property belonged to the LLC and ordered Shaw to turn them over to Rogerson. Shaw complied with the orders of the state court.

Evidently emboldened by the postbankruptcy proceedings in state court, on August 15, 2015, Rogerson's state court counsel filed a motion in state court seeking leave to file an amended complaint. Arguing with complete justification that the amended complaint is a blatant violation of his discharge, Shaw has filed the instant motion for a finding of contempt for Rogerson's violation of § 524(a)(2) of the Bankruptcy Code, which enjoins any act to recover a discharged debt as a personal liability of the debtor.

The amended state court complaint is a gross violation of Shaw's discharge. It names him personally, and seeks damages against him for the same $300,000.00 ($150,000.00 for money lent and $150,000.00 for "investment return") based on the same pre-bankruptcy agreement. The amended complaint is based on Shaw's post-bankruptcy termination of the LLC and reversion to doing business as a sole proprietorship. Rogerson's theory is that the LLC was a party to the agreement based on the "entity as may hereinafter be formed" language, so that the debt on the agreement is its debt as well; that Shaw is the successor in interest to the LLC and is therefore liable for all its debts; and therefore he has liability to Rogerson on the agreement as a successor to the LLC even though his direct obligation has been discharged.

Rogerson's argument has no merit. A discharged debt cannot be revived by any means save a formal reaffirmation agreement which meets the requirements of § 524(c) of the Bankruptcy Code. Section 524(a)(2) enjoins acts to recover *any discharged debt* as a personal liability of the debtor,

2

regardless of the legal theory upon which it is based. Rogerson's amended complaint seeks to recover the same debt against Shaw that was discharged in his bankruptcy, and is therefore a blatant violation of the discharge injunction.

A creditor is subject to sanction for violating the discharge where she knew the discharge was applicable and intended the actions which violated it. *In re ZiLOG, Inc.,* 450 F.3d 996, 1007 (9th Cir. 2006); *In re Dyer,* 322 F.3d 1178, 1191 (9th Cir. 2003); *In re Bennett,* 298 F.3d 1059, 1069 (9th Cir. 2002).[1] Rogerson does not and cannot argue that she did not know about the discharge; she and her counsel were served with it, and actively participated in the bankruptcy case. Contrary to her assertions, a good faith belief that her actions were warranted does not provide her a defense. "Because civil contempt serves a remedial purpose, 'it matters not with what intent the defendant did the prohibited act.'" *In re Dyer* at 1191, quoting from *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191 (1949).[2] Rogerson's acts were more than intentional, they were malicious; her amended complaint was clearly drafted with Shaw's discharge in mind and was a poorly considered attempt to evade it. The court finds that Rogerson has willfully, intentionally and maliciously violated Shaw's discharge and is therefore in contempt.

Having found a sanctionable violation of the discharge, the court is troubled only by the modest requests made by Shaw. Left to its own devices, in addition to the $33,850.00 in attorney's fees and $281.00 in costs Shaw has incurred (which the court finds very reasonable), the court would assess a very significant fine against Rogerson because it appears that such a fine is necessary to discourage future violations of the discharge. The court would also require her to immediately dismiss her amended complaint as to Shaw with prejudice. However, Shaw is not requesting these things, perhaps

---

[1] Rogerson attempts to distinguish *Dyer* because that case involved the automatic stay and not the discharge. However, the same rule applies to both. *ZiLOG,* at 1008n12.

[2] Not that the court thinks Rogerson acted in good faith. Her legal theory has no merit and her acts appear motivated by anger arising from the termination of her relationship with Shaw rather than an honest attempt to collect a debt. Any lingering doubt the court may have had was dispelled by the dissembling argument made by her counsel in court.

3

believing that they would only add fuel to the fire.  Accordingly, the court will allow relief only as prayed.  Rogerson and her counsel are warned, however, that any future hounding of Shaw may result in financial sanctions of a very consequential nature.

    For the foregoing reasons, Shaw's motion will be granted, in full, including attorneys fees.  Counsel for Shaw shall submit an appropriate form of order.

Dated:  October 28, 2015

Alan Jaroslovsky
U.S. Bankruptcy Judge

4